IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN MALCOLM STEWART, | ) | |
| ID # 37444-086, | ) | |
| | ) | |
| vs. | ) | No. 3:10-CV-0538-K (BH) |
| | ) | |
| MAUREEN CRUZ, Warden, | ) | Referred to U.S. Magistrate Judge |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court, this action has been referred for findings, conclusions, and recommendation.

**I. BACKGROUND**

Petitioner, a prisoner currently incarcerated in the Federal Correctional Institution (FCI) in Seagoville, Texas, brings this habeas action under 28 U.S.C. § 2241 to challenge a Bureau of Prisons ("BOP") Memorandum issued on April 14, 2008, addressing pre-release Residential Re-entry Center ("RRC") Placements in light of the Second Chance Act of 2007 (the "April 14, 2008 Memorandum"). (Petition (Pet.) at 1-8). He names Maureen Cruz, Warden of FCI Seagoville, as respondent.

Petitioner seeks to compel the BOP to consider him for RRC placement in "good faith" and on an individualized basis under 18 U.S.C. § 3621(b) for the full twelve months permitted under 18 U.S.C. § 3624(c). (Pet. at 18). His projected release date is December 16, 2012. (Pet. at 1). Petitioner acknowledges that the April 14, 2008 Memorandum provides that inmates must be considered for RRC placement 17-19 months before their projected release dates, and that he does not yet fall within this time frame. (Pet. at 17). He also concedes that he has not exhausted administrative remedies but argues that he is entitled to bypass exhaustion because administrative review would be a futile act under the circumstances. (*Id.* at 9-17). He claims that waiting until 17-19 months prior to his projected

release date prevents him from having ample time to exhaust his administrative remedies, because if he is denied the full twelve month placement, he could not receive the full twelve month placement after exhausting administrative remedies and filing a habeas petition. (Pet. at 17). Petitioner also contends that the BOP has implicitly predetermined his challenge through the rules set out in the April 14, 2008 Memorandum and that he will therefore not be placed in an RRC for the full twelve month period allowed by law. (*Id.* at 14-15).

## II.  RIPENESS

Article III of the Constitution confines federal courts to the decision of "cases" and "controversies." A case or controversy must be ripe for decision, meaning that it must not be premature or speculative. *Shields v. Norton*, 289 F.3d 832, 834-35 (5th Cir. 2002), *citing United Transportation v. Foster*, 205 F.3d 851, 857 (5th Cir. 2000).

> Ripeness is a justiciability doctrine designed to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.

*National Park Hospitality Ass'n v. Department of Interior*, 538 U.S. 803, 807-08 (2003) (citations omitted). When a "claim is not ripe for review", the court lacks jurisdiction over it. *United States v. Carmichael*, 343 F.3d 756, 761 (5th Cir. 2003). Because ripeness is an essential component of federal subject matter jurisdiction, it can be raised at any time by the court. *Sample v. Morrison*, 406 F.3d 310, 312 (5th Cir. 2005).

Petitioner acknowledges that he has not yet been reviewed for RRC placement. (Pet. at 17-18). While he argues that he will not be considered for a twelve-month placement in an RRC, no administrative decision has been made regarding any RRC placement. It is mere speculation that petitioner will, in fact, be denied placement in an RRC for the full twelve-month period prior to his

projected release date. This claim is therefore not ripe and should be dismissed. *See Ray v. Chapman*, No. 4:09-CV-354-Y, 2009 WL 3334599, at *2 (N.D. Tex. March 28, 2007) (recommendation accepted by District Court which recommended dismissal of a § 2241 action where Ray asked the court to order her placement in an RRC before the 17-19 month period of review); *Sample v. Morrison*, 406 F.3d at 312 (holding that a § 2241 petition should be dismissed as unripe where Sample complained of the computation of time credits he had not yet earned).

## II. RECOMMENDATION

The Court should **DISMISS** the instant petition filed pursuant to 28 U.S.C. § 2241 without prejudice for lack of subject matter jurisdiction.

**SIGNED this 24th day of March, 2010.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE